■ JAYBON, INC., Doing Business as STARLITE LOUNGE, Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding under article 78 of the CPLR to review a determination of the respondent, effective July 29, 1971, which canceled petitioner's restaurant liquor license and imposed a demand for $1,000 upon petitioner's surety bond. Determination annulled, on the law, without costs. Respondent's hearing officer found that the credited testimony constituted substantial evidence that at the times charged the persons in charge of the licensed premises *knew or should have known* that persons involved in the purchase and sale of narcotics were regularly congregating in the premises for such purposes and that numerous sales of narcotics were made therein. In our opinion this finding is, on the entire record, supported by suspicion and surmise but not by substantial evidence. In our opinion the record clearly establishes that petitioner's principal, prior to the incidents forming the basis for the action taken by respondent, provided the police with information useful in their investigation into the narcotic traffic in the concededly high crime rate area in which the licensed premises are located, and that he sent respondent a letter on February 17, 1971 outlining his efforts to prevent persons from

loitering in the vicinity of, or on, the licensed premises for the purpose of engaging in narcotic activities and requesting "that the Authority take due cognizance of a protracted increase in the incidence of arrest in and about these premises as a result of this program of cooperation initiated by the undersigned." He also stated in the letter, and this was prior to the arrests on the premises, that "since it is a known fact that the community is rife with violations of narcotic laws, licensee has posted a guard at the front door as a measure of control in sifting admissions to the premises, indicating a determined effort to maintain these premises in an orderly condition consistent with the rules of the Authority." We feel that under the prevailing circumstances petitioner did all that it could be possibly expected to do to keep its premises free of criminal violators. While we are in disagreement with Mr. Justice Munder that under the substantial evidence rule there is sufficient in this record to support respondent's finding that petitioner *suffered* the licensed premises to become disorderly, we are in agreement with him that the punishment meted out in this case is wholly disproportionate to the offense — considering all the circumstances — and were we not annulling the determination we would modify the determination under review by limiting the penalty to the demand on petitioner's surety bond. Rabin, P. J., Martuscello, Latham and Shapiro, JJ., concur; Munder, J., dissents and votes to modify the determination by reducing the penalty imposed to the demand for $1,000 under petitioner's surety bond, with the following memorandum: In my opinion there is, on the entire record, substantial evidence to support respondent's finding that at the times in question petitioner suffered the licensed premises to become disorderly in that it suffered or permitted trafficking in narcotics and/or dangerous drugs (see Alcoholic Beverage Control Law, § 106, subd. 6). However, in the circumstances disclosed I deem it an abuse of discretion to impose the penalty of cancellation in addition to the $1,000 bond demand.